**In the Matter of Gordon VALLERY and Audrey F. Vallery, Debtors.**

**AMERICAN BANK OF VICKSBURG, MISSISSIPPI, Plaintiff,**

v.

**Gordon VALLERY, Audrey F. Vallery and Gordon Vallery, Jr., Defendants.**

**Bankruptcy No. 582–00242–A.
Adv. No. 582–0058.**

United States Bankruptcy Court,
W. D. Louisiana.

Sept. 15, 1982.

Frank R. Bolton, Jr., Alexandria, La., for plaintiff.

Irving Ward-Steinman, Alexandria, La., for defendants.

## FINDINGS OF FACT

LeROY SMALLENBERGER, Bankruptcy Judge.

In 1977, the defendants, Gordon and Audrey F. Vallery, executed two (2) notes in favor of the plaintiff, American Bank of Vicksburg, Mississippi (American). On May 31, 1978, the defendants executed a collateral mortgage in favor of their son, Gordon Vallery, Jr., also a defendant herein. The mortgage was recorded in Rapides Parish on June 1, 1978. Plaintiff's Exhibit No. 1.

American filed suit against the debtors, Gordon and Audrey F. Vallery, to collect on the two notes. The suits were consolidated for trial and judgment was rendered in favor of American on both notes. Judgment was duly recorded in Rapides Parish, on December 18, 1980.

Thereafter, Gordon and Audrey F. Vallery sought relief under Chapter 7, of Title 11, United States Code. American Bank provoked this adversary proceeding against the debtors and their son to determine the validity of the collateral mortgage. American claims that Gordon Vallery, Jr., is at most an unsecured creditor.

The mortgage at issue states, "The mortgage declares that the note herein described and this mortgage securing it are not given or issued in evidence of any specified debt, but are intended and shall be used as collateral to secure payment of any indebtedness...". It is further stated by the mortgage that a certain described note is to be pledged as security for any indebtedness of the debtors. The noted described is for $30,000.00 payable to the order of "Ourselves", bearing interest at ten (10) percent per annum, paraphed "Ne Varietur" and properly notarized.

## CONCLUSIONS OF LAW

At the hearing, Mr. Vallery testified that the $30,000.00 note was executed and then given to his son. Tr. 11. Mr. Vallery, Jr., agreed that he had possession of the note. He stated that it was held in a security box in his bank, in Kenner, Louisiana. Mr. Vallery, Jr., was not sure of the number of the box, nor could he describe the note. Tr. 22–24.

With the collateral mortgage, a "Ne Varietur" or collateral mortgage note is prepared. This note is the one described in the mortgage and is paraphed for identification with the mortgage. This is the note, which is secured by the mortgage. In turn, this "Ne Varietur" note is pledged to secure payment of the hand note. In the course of

the trial, neither the "Ne Varietur" note nor the hand note were produced by any party. The issue is whether Mr. Vallery, Jr., is a secured creditor with only the recorded collateral mortgage.

A mortgage is an accessorial obligation. It is designed to strengthen the principal obligation, such as a note. Louisiana Civil Code Article 3284. Article 3285 of the same code states:

"Consequently, it is essentially necessary to the existence of a mortgage, that there shall be a principal debt to serve as a foundation for it."

"Hence it happens, that in all cases where the principal debt is extinguished, the mortgage disappears with it."

"Hence also it happens that, when the principal obligation is void, the mortgage is likewise so; . . .".

The life of the mortgage depends upon the existence of a principal obligation. In this case, the principal obligation is vividly described. Defendants have failed to offer the Court any explanation of why it was not presented as evidence. That absent note is an important key to the son's security. It was to be pledged to him as security for a hand note. The "Ne Varietur" note is the principal obligation for the mortgage, but does not represent the debt directly. It is the hand note, which accomplishes that purpose.

Pledge is a possessory lien. When the "Ne Varietur" note is pledged, that is referred to as "issuance". The collateral mortgage may be filed and recorded, as here, but has no legal significance until issuance of the "Ne Varietur" note. Until then, the collateral mortgage is dormant. Nathan & Marshall, *The Collateral Mortgage,* 33 La.L.R. 497 (1973). See also *Odom v. Cherokee Homes, Inc.,* 165 So.2d 855 (La. App. 4th Cir. 1964).

A collateral mortgage is not to be given to the creditor as his security. Instead, for security, a note paraphed "Ne Varietur" is pledged to the creditor to secure another, principal obligation. Usually this is a hand note. That note pledged to the creditor is valuable security because it is inturn secured by the collateral mortgage.

For these reasons, the Court finds the collateral mortgage to be a dormant obligation of the debtors. Mr. Gordon Vallery, Jr., is an unsecured creditor.